## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

WELLS FARGO & COMPANY,             Misc. No. 10-57 (JRT/JJG)

           Plaintiff,

v.            **ORDER GRANTING MOTIONS**
           **TO FILE AMICUS BRIEFS**

UNITED STATES OF AMERICA,

           Defendant.

Andrew T. Gardner and Mark A. Hager, **WELLS FARGO & COMPANY**, 90 South Seventh Street, Minneapolis, MN 55479; Derek Ho and Reid M. Figel, **KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL**, 1615 M Street Northwest, Suite 400, Washington, DC 20036; Martin S. Chester and Walter A. Pickhardt, **FAEGRE & BENSON LLP**, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402-3901, for plaintiff.

James Strong and Robert J. Kovacev, **UNITED STATES DEPARTMENT OF JUSTICE TAX DIVISION**, Benjamin Franklin Station, Post Office Box 55, Washington, DC, 20044, for defendant.

Richard P. Bress and Robert Malionek, **LATHAM & WATKINS LLP**, 885 Third Ave, New York, NY 10022-4834; Steve W. Gaskins, **GASKINS, BENNETT, BIRRELL, SCHUPP, LLP**, 333 South Seventh Street, Suite 2900, Minneapolis, MN 55402, for amicus curiae Association of Corporate Counsel.

Bruce E. Clark and Jennifer Sheinfeld Goodfellow, **SULLIVAN & CROMWELL LLP**, 125 Broad Street, New York, NY 10004; Sarah E. Bushnell and Timothy D. Kelly, **KELLEY AND HANNAH, PA**, 80 South Eighth Street, Suite 3720, Minneapolis, MN 55402, for amicus curiae The Clearing House Association LLC.

This matter is before the Court on motions by the Clearing House Association, LLC and the Association of Corporate Counsel to file amicus curiae briefs in the instant litigation. The government opposes the motions. All parties agree that the Court has the

discretion to allow the filing of amicus curiae briefs. *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 138 n.5 (D.D.C. 2008); Fed. R. App. P. 29. The Court is aware that the associations are not impartial, as argued by the government, however, "by the nature of things an amicus is not normally impartial and there is no rule that amici must be totally disinterested." *Tafas v. Dudas*, 511 F. Supp. 2d 652, 661 (E.D. Va. 2007) (alterations and internal quotation marks omitted).

Given the broad policy implications, the lack of precedent in the Eighth Circuit, and the Circuit split elsewhere, the Court finds that the briefs will be useful in understanding the broader policy concerns of enforcement of this particular summons. *See Mausolf v. Babbitt*, 158 F.R.D. 143, 148 (D. Minn. 1994), *rev'd on other grounds*, 85 F.3d 1295 (8th Cir. 1996) (finding the putative amicus party had the "knowledge, experience and a perspective, all of which are specifically related to [the issues], which may assist the Court in its resolution of the issues raised by the parties in this case"). The Court also finds timely the information to be offered, because amicus curiae status was requested prior to the evidentiary hearing. *See Jones v. Roper*, 311 F.3d 923, 927 (8th Cir. 2002) (denying amicus status for lack of timeliness). Therefore, the Court grants the motions.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Association of Corporate Counsel's motion to file amicus curiae brief [Docket No. 35] is **GRANTED**.

2. The Clearing House Association, LLC  motion to file amicus curiae brief [Docket No. 38] is **GRANTED**.

**IT IS HEREBY ORDERED** that the amicus curia briefs shall be filed within thirty (30) days of this Order**.**

DATED:  May 31, 2011
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____
JOHN R. TUNHEIM
United States District Judge