# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| WELLS FARGO & COMPANY, | Misc. No. 10-57 (JRT/JJG) |
| Plaintiff, | |
| v. | **ORDER REVERSING THE MAGISTRATE JUDGE AND GRANTING DISCOVERY REQUEST** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Andrew T. Gardner and Mark A. Hager, **WELLS FARGO & COMPANY**, 90 South Seventh Street, Minneapolis, MN 55479; Derek Ho and Reid M. Figel, **KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL**, 1615 M Street Northwest, Suite 400, Washington, DC 20036; Martin S. Chester and Walter A. Pickhardt, **FAEGRE & BENSON LLP**, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402-3901, for plaintiff.

James C. Strong and Robert J. Kovacev, **UNITED STATES DEPARTMENT OF JUSTICE, TAX DIVISION**, Benjamin Franklin Station, Post Office Box 55, Washington, DC, 20044, for defendant.

Richard P. Bress, **LATHAM & WATKINS LLP**, 555 Eleventh Street Northwest, Suite 1000, Washington, D.C. 20004-1304; Robert Malionek, **LATHAM & WATKINS LLP**, 885 Third Ave, New York, NY 10022-4834; Steve W. Gaskins, **GASKINS, BENNETT, BIRRELL, SCHUPP, LLP**, 333 South Seventh Street, Suite 2900, Minneapolis, MN 55402, for amicus curiae Association of Corporate Counsel.

Bruce E. Clark and Jennifer Sheinfeld Goodfellow, **SULLIVAN & CROMWELL LLP**, 125 Broad Street, New York, NY 10004; Sarah E. Bushnell and Timothy D. Kelly, **KELLEY AND HANNAH, PA**, 80 South Eighth Street, Suite 3720, Minneapolis, MN 55402, for amicus curiae The Clearing House Association LLC.

This matter is before the Court on Wells Fargo & Company's ("Wells Fargo") appeal of Magistrate Judge Jeanne Graham's Order denying its discovery request.[1]  The Internal Revenue Service ("IRS") issued a summons for certain tax accrual work papers ("TAWs") from Wells Fargo which Wells Fargo moved to quash.[2]  Wells Fargo asserts that the TAWs are covered by the work product privilege and are thus not discoverable. Wells Fargo seeks to depose three government witnesses prior to an evidentiary hearing on its motion to quash.  The Magistrate Judge denied the motion on the basis that Wells Fargo had not made a substantial showing of an abuse of the court's process.  Wells Fargo asserts that the Magistrate Judge applied the legal standard applicable in cases where the motion to quash was premised on an improper purpose for the summons. Since its motion to quash is premised on invocation of the work product privilege, Wells Fargo argues the substantial showing of an improper purpose standard is not applicable. Finding some limited discovery will be helpful to the Court for the purpose of streamlining the evidentiary hearing in this extraordinary summons proceeding, the Court sustains Wells Fargo's appeal and reverses the Magistrate Judge's Order.   (Docket No. 80.)

---

[1] Wells Fargo titled its appeal as an objection, however, the Court notes that since Wells Fargo is appealing an Order of the Magistrate Judge, the designation for a Report and Recommendation is incorrect.

[2] Wells Fargo moved to quash the summons (10-57) and the government moved to enforce the summons (10-95).  Both motions were consolidated under Docket No. 10-57.

**ANALYSIS**

## I.    STANDARD OF REVIEW

The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential.  *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  This Court will reverse such an order only if it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a).  However, "the district court has inherent power to review the final decision of its magistrates . . . ."  *Bruno v. Hamilton*, 521 F.2d 114, 116 (8th Cir. 1975).

## II.    DISCOVERY IN IRS PROCEEDINGS

The Court has discretion to limit discovery in IRS summons cases.  "[T]he Civil Rules are not inflexible in [their] application [to summons proceedings].  Rule 81(a)[5] . . . specifically recognize[s] that a district court, by local rule or by order, may limit the application of the rules in a summons proceeding."  *Donaldson v. United States*, 400 U.S. 517, 528-29 (1971).  Indeed, "[d]iscovery is not necessary in every summons action, and, in fact, the summary nature of proceedings on an IRS summons militate against expansive discovery.  **However, in many cases, some discovery is appropriate and should be allowed**."  *Robert v. United States*, 364 F.3d 988, 999 (8th Cir. 2004) (emphasis added) (citations omitted).  One such case is where the petitioner is arguing an improper purpose on the part of the government for the summons.  *Id.*  In such cases, the

taxpayer must first demonstrate "a substantial preliminary showing that enforcement of a summons would result in an abuse of the court's process." *Id.*

Indeed, Wells Fargo has made a substantial showing that enforcement of the summons might infringe on its right to invoke the work-product privilege. *See Upjohn Co. v. United States*, 449 U.S. 383, 398-99 (1981). Furthermore, the Eighth Circuit has noted that the Federal Rules of Civil Procedure afford "special protection [to] mental impression/opinion work product." *Simon v. G.D. Searle & Co.*, 816 F.2d 397, 406 (8th Cir. 1987). The Magistrate Judge, however, found that Wells Fargo had not made a substantial preliminary showing of an abuse of the court's process, and thus denied the discovery requested, noting that it was a "close call." (Hr'g Tr. 25:19, Docket 83.) Wells Fargo argues that where a taxpayer moves to quash a summons for privilege and not an improper purpose, a substantial showing of an abuse of process is not necessary.

The Court believes that additional discovery would be helpful to develop the evidentiary record, given the facts and circumstances of this case. The Court notes the differing opinions of the First Circuit and District of Columbia Circuit on the precise issue involved here. *Compare United States v. Textron Inc. and Subsidiaries*, 577 F.3d 21, 31-32 (1st Cir. 2009) (finding TAWs were not protected by the work product privilege), *with United States v. Deloitte LLP*, 610 F.3d 129, 138, (D.C. Cir. 2010) (TAWs were protected by the work product doctrine). Furthermore, in *Deloitte*, the circuit court remanded to the district court the determination of work product status of one particular memo because "[o]n examination of the record, we conclude that the district court did not have a sufficient evidentiary foundation for its holding that the

memorandum was purely work product." 610 F.3d at 138. As a result, the Court finds the *Robert* court's assessment that "some discovery is appropriate and should be allowed" is appropriate given the facts and circumstances this case. *See* 364 F.3d at 999.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **SUSTAINS** petitioner Wells Fargo & Company's Objections [Docket No. 81] and **REVERSES** the Order of the Magistrate Judge [Docket No. 80]. Accordingly, **IT IS HEREBY ORDERED** that the Motion to Take Depositions [Docket No. 63] is **GRANTED**.

DATED:  June 29, 2011
at Minneapolis, Minnesota.

s/ *John R. Tunheim*
JOHN R. TUNHEIM
United States District Judge