**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| WELLS FARGO & COMPANY, | Misc. No. 10-57 (JRT/JJG) |
| Plaintiff, | |
| v. | **ORDER** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Andrew T. Gardner and Mark A. Hager, **WELLS FARGO & COMPANY**, 90 South Seventh Street, Minneapolis, MN 55479; Derek Ho and Reid M. Figel, **KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL**, 1615 M Street Northwest, Suite 400, Washington, DC 20036; Martin S. Chester and Walter A. Pickhardt, **FAEGRE & BENSON LLP**, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402-3901, for plaintiff;

James C. Strong and Robert J. Kovacev, **UNITED STATES DEPARTMENT OF JUSTICE, TAX DIVISION**, Benjamin Franklin Station, Post Office Box 55, Washington, DC 20044, for defendant;

Richard P. Bress, **LATHAM & WATKINS LLP**, 555 Eleventh Street Northwest, Suite 1000, Washington, DC 20004-1304; Robert Malionek, **LATHAM & WATKINS LLP**, 885 Third Ave, New York, NY 10022-4834; Steve W. Gaskins, **GASKINS, BENNETT, BIRRELL, SCHUPP, LLP**, 333 South Seventh Street, Suite 2900, Minneapolis, MN 55402, for amicus curiae Association of Corporate Counsel;

Bruce E. Clark and Jennifer Sheinfeld Goodfellow, **SULLIVAN & CROMWELL LLP**, 125 Broad Street, New York, NY 10004; Sarah E. Bushnell and Timothy D. Kelly, **KELLEY AND HANNAH, PA**, 80 South Eighth Street, Suite 3720, Minneapolis, MN 55402, for amicus curiae The Clearing House Association LLC.

The Court has received simultaneous briefing from Wells Fargo & Company ("Wells Fargo") and the government on the issue of which party bears the burden of proof at the evidentiary hearing scheduled on July 25, 2011. The Internal Revenue Service ("IRS") issued a summons for certain tax accrual work papers ("TAWs") from Wells Fargo which Wells Fargo moved to quash.[1] Wells Fargo asserts that the TAWs are covered by the work product privilege, are not discoverable, and therefore enforcement of the summons would be an abuse of the Court's process. The Court allowed Wells Fargo to depose three government witnesses prior to the hearing based on the facts and circumstances of this particular case and the circuit split on the discoverability of TAWs. The parties now dispute who has the burden of proof at the evidentiary hearing and therefore which party should proceed first. Because the Court determines the IRS has made a prima facie case for enforcement of the summons, the Court finds that Wells Fargo bears the burden of proof. Accordingly, Wells Fargo shall proceed first during the evidentiary hearing.

## ANALYSIS

### I. ISSUE BEFORE THE COURT

The Court believes the issue properly before the Court is whether the TAWs are discoverable as work product, and not whether the IRS issued the summons for an improper purpose. (*See* Order Granting Discovery Request at 4, Docket No. 90 ("The Magistrate Judge, however, found that Wells Fargo had not made a substantial

---

[1] Wells Fargo moved to quash the summons (Misc. No. 10-57) and the government moved to enforce the summons through a separate proceeding (Misc. No. 10-95). Both motions were consolidated under Misc. No. 10-57.

preliminary showing of an abuse of the court's process, and thus denied the discovery requested . . . . Wells Fargo argues that where a taxpayer moves to quash a summons for privilege and not an improper purpose, a substantial showing of an abuse of process is not necessary.").) The Court allowed limited discovery based on Wells Fargo's assertion that it need not meet the "substantiation preliminary showing" requirement of an improper purpose for such discovery. *Robert v. United States*, 364 F.3d 988, 999 (8th Cir. 2004); (*see* Obj. to Report and Recommendation at 2, Docket No. 81 ("Wells Fargo does not need to show an improper IRS purpose to sustain its assertion of the work-product privilege. **Improper purpose and privilege are distinct grounds for challenging an IRS summons**." (emphasis original).) Accordingly, the Court expects the parties to focus on work product privilege during this hearing.$^2$

## II. BURDEN OF PROOF

Regardless of whether the focus of the evidentiary hearing was to present evidence of improper purpose or work product privilege, however, the burden would be on Wells Fargo. The IRS need not establish probable cause to enforce its summons; rather, it need only show that (1) its investigation is pursuing a legitimate purpose, (2) the inquiry may be relevant to that purpose, (3) the information sought is not already in the possession of the IRS, and (4) the administrative steps required by the Internal Revenue Code have been followed. *United States v. Powell*, 379 U.S. 48, 57-58 (1964). "The [IRS] Commissioner may establish a prima facie case for enforcement of a summons by a

---

$^2$ The Court notes that Wells Fargo's original motion to quash challenged the relevancy of state and local tax papers and thus evidence on this issue is properly before the Court. (*See* Mot. to Quash ¶ 43, Docket No. 1.)

minimal showing of good faith compliance with summons requirements. Such good faith can be demonstrated by the affidavit of an IRS agent." *United States v. Norwood*, 420 F.3d 888, 892 (8th Cir. 2005) (internal citation and quotations omitted). Once the IRS has met its initial burden, "[t]he taxpayer can rebut a prima facie case for enforcement under *Powell* by demonstrating that the *Powell* requirements have not been satisfied, or by showing that enforcement of the summons would represent an abuse of the court's enforcement powers." *Id.* at 893. Piercing a privilege constitutes an abuse of the court's process. *See United States v. Wyatt*, 637 F.2d 293, 301 (5th Cir. 1981) ("Such an abuse would occur . . . where enforcement would contravene the attorney-client privilege, or the privilege against self-incrimination . . . ." (citing *Reisman v. Caplan*, 375 U.S. 440, 449 (1954) and *Couch v. United States*, 409 U.S. 322, 327 (1973))).

Wells Fargo argues that the government must first establish the right to enforcement under *Powell* at the evidentiary hearing, and only then does the burden shift to Wells Fargo to rebut the government's prima facie case. However, as the Eighth Circuit has recognized:

> The Supreme Court has stated that courts should be slow to erect barriers to enforcement of IRS summonses where the summonses are being used to further the IRS mission of effectively investigating taxpayer liabilities. Accordingly, the burden on the IRS to make a prima facie showing as to the *Powell* good faith requirements is slight, and the burden on the challenger to rebut the IRS showing as to one or more of these requirements or to demonstrate that judicial enforcement of the summons would otherwise constitute an abuse of the court's process is great.

*Robert*, 364 F.3d at 996 (internal citation and quotations omitted).

The IRS has submitted the affidavits of two IRS agents. (*See* Aff. of Timothy L. Erickson, Oct. 29, 2010, Docket No. 9; Aff. of Even R. Biafore, Nov. 1, 2010, Docket

No. 10.) Erickson's affidavit declares that the purpose of the summons was "to ascertain the correctness of the tax returns filed by Wells Fargo for the years under examination [2007 and 2008] and to determine Wells Fargo's correct federal tax liabilities for those years." (Erickson Aff. ¶ 2, Docket No. 9.) Biafore's affidavit explains the recent effort on the part of the IRS to examine TAWs "to identify transactions that the taxpayer has identified as uncertain tax positions and determine the nature of such transactions . . . to identify issues that may not have been previously discovered in the audit." (Biafore Aff. ¶ 6, Docket No. 10.) Furthermore, Erickson's affidavit establishes that the proper administrative steps were followed pursuant to 26 U.S.C. § 7603. (Erickson Aff. ¶ 8, 30-32, Docket No. 9.) These affidavits are sufficient to establish a prima facie case of good faith under *Powell*. *Norwood*, 420 F.3d at 892. The burden of proof has thus shifted to Wells Fargo to establish that enforcement of the summons would constitute an abuse of the Court's process. *Robert*, 364 F.3d at 996; *Lindberg v. United States*, No. 06-4436, 2007 WL 1582881, at *1 (D. Minn. May 30, 2007).

Even without the *Powell* analysis, one asserting privilege bears the burden of proof. "A party asserting the attorney-client privilege or protection under the work-product doctrine has the burden to provide a factual basis for the privilege or protection." *In re Zurn Pex Plumbing Prods. Liab. Litig.*, No. 08-1958, 2009 WL 1178588, at *1 (D. Minn. May 1, 2009) (citing *Hollins v. Powell*, 773 F.2d 191, 196 (8th Cir. 1985). Therefore, the Court determines that Wells Fargo bears the burden at the evidentiary hearing.

## III. ORDER AT HEARING

"A district court has wide discretion to set the order of proof at trial. Ordinarily, the trial court extends the privilege of opening and closing the case to the party that has the burden of proof." *Anheuser-Busch, Inc. v. John Labatt Ltd.*, 89 F.3d 1339, 1344 (8th Cir. 1996) (internal citation omitted). The Court sees no compelling reason to deviate from the ordinary rule. Moreover, given that one of Wells Fargo's witnesses can only testify on the first scheduled day of the hearing (Wells Fargo Mem. at 3, Docket No 102), practical considerations support this ordering as well. In addition, the Court orders Wells Fargo to clarify prior to the hearing what the categories of evidence are at issue and which documents fall in each category.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **DETERMINES** that petitioner Wells Fargo & Company bears the burden of proof at the evidentiary hearing and therefore will present its case first.

**IT IS HEREBY FURTHER ORDERED** that Wells Fargo provide the Court a definition of the categories in which each document falls and a list of which documents are covered by each for the purposes of its case-in-chief by no later than Friday, July 22, 2011.

DATED: July 20, 2011  
at Minneapolis, Minnesota.

                                                    s/ John R. Tunheim  
                                                    JOHN R. TUNHEIM  
                                                 United States District Judge